Education Good morning, Honor. My name is Shikunshesa Dervishi. I represent myself and on behalf of my autistic son, Terence Dervishi, I respectfully request this Court to rule in my and my son's favor because, for the school year 2011 through 2015, I did raise all the issues and concerns at the PPT meetings that were ongoing each year but I was ignored from the defendants. The defendants refused to change their recommendations and refused to change any of the IEPs in each subsequent year. The IEPs remained identical for each of those years, with the August 2010 IEP which was disputed and appealed. They excluded my son from the school system, declared him a homeschooler without any evidence, and did make a false statement to the DCF for child education neglect. The problems and issues with the IEPs in those years were the same problems and issues that were raised in the due process hearing held for 2009-10 and 10-11 school years that we appealed to the District Court and then to the Second Circuit Court of Appeals as a case number 15-2798. Because the issues for 2009-10 and 10-11 school years were the same very issues that I already appealed and about which I was waiting for a decision from this Court, it was futile to file for a due process hearing again repeatedly on those very same issues as a duplicative case. The defendants obviously felt the same way because they continued to rely on the hearing officer's decision in each subsequent year to repeatedly adopt the identical IEP of August 2010 that the hearing officer approved as the current. The defendants did not pretend that any of their IEP was appropriate for my son. Again, it was very obvious that it was futile to file a new due process complaint on the very same IEP that was approved by the hearing officer and that was repeatedly adopted by the defendants for each subsequent year while we were waiting for a decision from this Court. If I did file an adequate relief anyway, it is because the defendants likely would have claimed that the issues I raised about the IEP were issues that already were decided in their favor before the previous hearing officer in my initial complaint for 2009-10 and 2010-11 school years and the decision by this Court on those issues was pending. It is likely that I would not have obtained any adequate relief, especially if the hearing officer agreed with the defendant or decided to wait this Court decision on the previous case before making a new ruling. Clearly, pursuing a new due process complaint each year was futile. Plaintiff proved that was not notified her procedural rights and exhaustion is an excuse for parents not notified of procedural rights. Or, it would have been futile for the parents to file for a due process hearing because the Board threatened and reported the parents as neglectful to the Department of Children and Families by violating our civil rights. This is not an IDEA issue that cannot be solved at the due process hearing. The Board itself did not file for due process but instead exhausted their remedy by contacting the DCF. In addition, I was seeking money damages for the failure to the defendants to appropriately place the child in the school setting that met his needs and for failure to provide any educational to him while that issue was disputed. Exhaustion would have been futile because money damages which are incapable of addressing the child and the parents' harm here. By being denied Terence's autism services, the Board denied and worsened his medical condition. Since last year, Terence has seen psychiatrists treating him for a new diagnosis, the anxiety and post-traumatic stress disorder. Even though it was futile to file due process complaint, however, I did try to exhaust other remedies. I filed a complaint with the State Department of Education through the complaint resolution procedure. While this procedure did not result in any resolution of the problem, it actually worsened the situation. It does show my good faith effort to exhaust all the possibility remedies to resolve the issue at the local and the school level. The final case is on submission. Accordingly, I will ask the Clerk to adjourn.